Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

JS6

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 1469 | DATE | 2/9/2001 |
| CASE TITLE | ALVIN LIEBLING vs. KENNETH APFEL, et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Court grants defendants' motion to dismiss [3-1] because it lacks jurisdiction. All other motions pending before this Court are dismissed as moot. Pursuant to 28 U.S.C. Section 1631, the Court orders that this case be transferred to the United States Court of Appeals for the Federal Circuit.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 1 2 2001 | |
| | Notified counsel by telephone. | | date docketed | 20 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | 01 FEB -9 PM 2:00 | date mailed notice | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ALVIN LIEBLING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Judge Ronald A. Guzman |
| v. ) | |
| ) | 00 C 1469 |
| KENNETH APFEL, Commissioner, ) | |
| United States Social Security ) | |
| Administration, MERIT SYSTEMS ) | |
| PROTECTION BOARD, and UNITED ) | |
| STATES SOCIAL SECURITY ) | DOCKETED |
| ADMINISTRATION, ) | |
| ) | FEB 1 2 2001 |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Alvin Liebling ("Liebling") has appealed from the decision of the Merit Systems Protection Board ("MSPB"), which authorized the Social Security Administration's ("SSA") removal of Liebling from his Administrative Law Judge position. Defendants have moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6), or in the alternative, for summary judgment pursuant to Rule 56. For the reasons provided in this Memorandum Opinion and Order, the Court grants defendant's motion to dismiss for want of jurisdiction, dismisses all other pending motions as moot, and transfers the case to the United States Court of Appeals for the Federal Circuit.

## FACTS

Prior to his removal, Liebling was employed by the SSA as an Administrative Law Judge ("ALJ") at the Social Security West Regional Hearing Office in Oakbrook Terrace, Illinois. On

February 24, 1999, the Social Security Administration ("SSA") filed an action with the Merit Systems Protection Board ("MSPB") to determine whether the SSA had good cause to remove Liebling from his ALJ position. The MSPB found that the SSA had shown good cause for the removal action and authorized the SSA to remove Liebling. Liebling filed a petition for review with the MSPB and on February 10, 2000, the MSPB denied the petition. On March 9, 2000, Liebling filed the instant action seeking judicial review of the MSPB decision to authorize his removal. In the Complaint, Liebling alleges that the MSPB decision must be set aside for the reasons he raised before the MSPB, *i.e.*, the decision violates the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 *et seq.*, as well as 5 U.S.C. § 5541(2), which exempts a justice or judge of the United States from having his or her work schedule controlled pursuant to 5 U.S.C. § 6101.

## DISCUSSION

When moving to dismiss pursuant to Rule 12(b)(1), a defendant may opt for a facial attack, *i.e.*, a challenge of the court's subject matter jurisdiction based on the sufficiency of the complaint's allegations, or a factual attack, *i.e.*, a challenge of the factual basis for the court's subject matter jurisdiction. *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993). If defendant makes a facial attack, the "allegations are taken as true and construed in a light most favorable to the complainant." *Id.* "If the Rule 12(b)(1) motion denies or controverts the pleader's allegations of jurisdiction, however, the movant is deemed to be challenging the factual basis for the court's subject matter jurisdiction." *Id.* When making a factual attack, "the allegations in the complaint are not controlling, and only uncontroverted factual allegations are

2

accepted as true for purposes of the motion." *Id.* (citations omitted). "The Court may weigh the evidence in order to satisfy itself that jurisdiction exists; as such, disputes over material facts will not preclude the court from deciding jurisdictional issues." *Board of Trustees of the Pipe Fitters' Welfare Fund Local 597 v. Adams*, No. 97 C 5592, 1998 WL 259543, at *2 (N.D. Ill. May 7, 1998).

Defendants' appear to launch a factual attack on jurisdiction because they argue Liebling's characterization of this case as judicially reviewable by this Court is incorrect. Liebling, of course, disagrees.

As a general rule the United States Court of Appeals for the Federal Circuit has exclusive jurisdiction over appeals from final MSPB decisions. 5 U.S.C. § 7703(b)(1). An exception exists for cases of discrimination subject to 5 U.S.C. § 7702. *Id.* § 7703(b)(2). 5 U.S.C. § 7702(a)(2) provides:

> In any matter before an agency which involves– (A) any action described in paragraph (1)(A) of this subsection; and (B) any issue of discrimination prohibited under any provision of law described in paragraph (1)(B) of this subsection; the agency shall resolve such matter within 120 days. The decision of the agency in any such matter shall be a judicially reviewable action unless the employee appeals the matter to the Board under paragraph (1) of this subsection.

5 U.S.C. § 7702(a)(1) requires that an employee or applicant: "(A) has been affected by an action which the employee or applicant may appeal to the Merit Systems Protection Board, and (B) alleges that a basis for the action was discrimination prohibited by . . . section 501 of the Rehabilitation Act of 1973 (29 U.S.C. 791) . . . ."

Defendants argue that Liebling does not meet 5 U.S.C. § 7702(a)(1)(A)'s requirement that he "has been affected by an action which the employee or applicant may appeal to the Merit

3

Systems Protection Board." Liebling merely argues with scant support that this case meets the statutory requirements of section 7702, and as such, section 7703 has carved out an exception for this case and provided for judicial review by this Court.

"When interpreting congressional statutes, we look first at the plain language of the statute." *Matz v. Household Int'l Tax Reduction Inv. Plan*, 227 F.3d 971, 974 (7th Cir. 2000); "The plain meaning of legislation should be conclusive." *Newsom v. Friedman*, 76 F.3d 813, 819 (7th Cir. 1996). "The extremely unusual 'exception to the plain meaning rule [is] the rare case[] [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'" *Olander v. Bucyrus-Erie Co.*, 187 F.3d 599, 604 n.2 (7th Cir. 1999) (quoting *Pittway Corp. v. United States*, 102 F.3d 932, 936 (7th Cir. 1996) (internal quotations omitted)).

Thus, we start by looking at the plain language of 5 U.S.C. § 7702(a)(1). In order for an agency action to be judicially reviewable by district courts, the clear and unambiguous language of 5 U.S.C. § 7702(a)(1) requires two elements: (1) an employee must be "affected by an action which the employee or applicant may appeal to the Merit Systems Protection Board"; and (2) an employee must "allege[] that a basis for the action was discrimination prohibited by . . . section 501 of the Rehabilitation Act of 1973 (29 U.S.C. 791)."[1]

---

[1] *See Williams v. Department of the Army*, 715 F.2d 1485, 1487 (Fed. Cir. 1983) ("[A] case under § 7702 must involve a specific type of action against an employee which may be appealed to the MSPB and an allegation in the nature of an affirmative defense that a basis for the action was discrimination within one of the categories above listed."); *Sloan v. West*, 8 F. Supp. 2d 1207, 1212 (D. Haw. 1996) ("[C]ases which do not satisfy § 7702 because the personnel action is not appealable to the MSPB therefore are not subject to district court review."); *Wall v. United States*, 637 F. Supp. 90, 92 (D. Kan. 1986), *aff'd*, 871 F.2d 1540 (10th Cir. 1989) (finding that personnel action was not appealable to MSPB, and therefore, Federal

4

It is clear that Liebling meets the latter requirement. At issue is whether he satisfies the former. Liebling does not argue in either his response or sur-reply brief that 5 U.S.C. § 7702(a)(1)(A)'s requirement that he be affected by an action which he may appeal to the Merit Systems Protection Board will produce a result at odds with the drafters' intentions. Further, he fails to provide any good reason why the Court should treat that requirement as superfluous.

In the instant case, the SSA filed a complaint with the MSPB seeking removal of Liebling pursuant to 5 U.S.C. § 7521, which governs removal actions against administrative law judges. Because the SSA's action was brought pursuant to 5 U.S.C. § 7521, the action fell under the MSPB's original jurisdiction, not its appellate jurisdiction. *Compare* 5 C.F.R. § 1201.2(c) (original jurisdiction), *with* 5 C.F.R. § 1201.3 (appellate jurisdiction). Further, in any event, the appeals of removal actions over which MSPB has appellate jurisdiction do not include appeals of ALJ removal actions. *Compare* 5 C.F.R. § 1201.3(a)(1), *with* 5 C.F.R. § 930.211, *and* 5 U.S.C. § 4301(2)(D) (providing that definition of "employee" who may be removed for unacceptable performance does not include ALJs); *compare* 5 C.F.R. § 1201.3(a)(2), *with* 5 U.S.C. § 7511-14, *and* 5 U.S.C. § 7521 (excluding ALJs from Title 5, part III, subpart F, chapter 75, subchapter II regarding removal of employee for more than fourteen days); *compare* 5 C.F.R. § 1201.3(a)(3), *with* 5 U.S.C. § 7541-43, and 5 U.S.C. § 7521 (excluding ALJs from Title 5, part III, subpart F, chapter 75, subchapter V regarding actions regarding removal of career appointee in Senior Executive Service). In addition, the regulation regarding judicial review of actions taken against administrative law judges supports the Court's conclusion that judicial review by district courts

---

Circuit had exclusive jurisdiction over plaintiff's case).

is improper in this case. 5 C.F.R. § 1201.141 provides that "[a]n administrative law judge subject to a final Board decision authorizing a proposed agency action under 5 U.S.C. § 7521 may obtain judicial review of the decision in the United States Court of Appeals for the Federal Circuit." For these reasons, the Court finds that the removal action taken against Liebling was not one which he could have appealed to the MSPB. Because Liebling fails to satisfy the first requirement of 5 U.S.C. § 7702(a)(1)(A), this case does not fit within the exception of 5 U.S.C. § 7703(b)(2) which allows judicial review by this Court. Thus, 5 U.S.C. § 7703(b)(1), which provides for exclusive appellate jurisdiction in the United States Court of Appeals for the Federal Circuit, controls.

All is not lost for Liebling, however. Although this Court lacks jurisdiction, it has the power, pursuant to 28 U.S.C. § 1631, to transfer the case to cure its lack of jurisdiction. Section 1631 provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631.

The Court finds that it is in the interest of justice that Liebling's appeal be heard, albeit not by this Court. On February 10, 2000, the MSPB entered its final order authorizing the SSA to remove Liebling. On March 9, 2000, Liebling filed the instant action seeking to appeal the MSPB's final order.

6

The complaint in the instant case meets the notice of appeal requirements of Fed. R. App. P. 3(c) because it specifies the party taking the appeal, designates the order being appealed, and names the court to which the appeal was taken. The complaint also meets the notice of appeal requirements of Fed. R. App. P 15(a) because it names the party seeking review, names the agency as the respondent, and specifies the order to be reviewed.

Having determined that Liebling filed a proper notice of appeal, the Court need only determine whether the notice of appeal was timely filed. Pursuant to 5 U.S.C. § 7703(b)(1), Liebling was required to file his petition to review the final order of the MSPB in the United States Court of Appeals for the Federal Circuit within sixty days after the date he received notice of the MSPB's final order approving his removal. Because Liebling filed the complaint (which qualifies as a notice of appeal) within thirty days of the MSPB's final order, he clearly meets the time requirements for filing his petition for review. Accordingly, the Court transfers this case to the United States Court of Appeals for the Federal Circuit pursuant to 28 U.S.C. § 1631.

## CONCLUSION

For the foregoing reasons, the Court grants defendant's motion to dismiss [3-1] because it lacks jurisdiction. All other motions pending before this Court are dismissed as moot. Pursuant to 28 U.S.C. § 1631, the Court orders that this case be transferred to the United States Court of Appeals for the Federal Circuit.

**SO ORDERED**

ENTERED: 2/9/01

HON. RONALD A. GUZMAN

7

United States Judge